# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 04-3842

CURTIS L. HOLT,

*Plaintiff-Appellant,*

v.

LAKE COUNTY BOARD OF COMMISSIONERS,
PEGGY HOLINGA-KATONA, PETER BENJAMIN,
et al.,

*Defendants-Appellees.*

_____

Appeal from the United States District Court for the
Northern District of Indiana, Hammond Division.
No. 02 C 432—**Philip P. Simon**, *Judge.*

_____

SUBMITTED APRIL 5, 2005—DECIDED MAY 12, 2005

_____

Before RIPPLE, KANNE and WILLIAMS, *Circuit Judges.*

PER CURIAM. Curtis Holt lost possession of his property in Gary, Indiana, after the county sold the property to recover unpaid taxes. Mr. Holt challenged the validity of the tax sale during eviction proceedings in state court, and in another state court action that was dismissed as *res judicata.* Mr. Holt unsuccessfully appealed the dismissal of his case to the Indiana Court of Appeals and the Supreme Court of

Indiana. He then filed a complaint in federal court under 42 U.S.C. § 1983, claiming that he was deprived of his property without due process by the state court judges who ruled against him, a number of Lake County officials involved in the tax sale, and the buyer of his property. Mr. Holt requested that the court enter a judgment "that precludes the defendants from depriving the plaintiff of his property without due process of law" and grant "all further just and proper relief." The district court dismissed the case for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine, and Mr. Holt appeals.

The lower federal courts lack subject matter jurisdiction to review state court decisions; only the Supreme Court has appellate jurisdiction to reverse or modify a state court judgment. *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). The Supreme Court has recently clarified that the *Rooker-Feldman* doctrine precludes federal subject matter jurisdiction only when, after state proceedings have ended, a losing party in state court files suit in federal court complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 125 S. Ct. 1517, 1521-22 (2005). This is the situation we have before us.

In this case, Mr. Holt's injury was caused by the state court judgments upholding the tax sale and evicting him from his property. *See Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 556 (7th Cir. 1999) ("[I]t does not seem that Long's due process argument can be considered separate from the eviction order entered against her"); *Ritter v. Ross*, 992 F.2d 750, 755 (7th Cir. 1993). In *Ritter*, we held that the *Rooker-Feldman* doctrine precluded the district court from hearing a claim that a county deprived plaintiffs of property without due process by selling the property at an auction to recover

unpaid taxes. We noted that the plaintiffs would have no claim "but for the tax lien foreclosure judgment." *Id.* at 754. Likewise, absent the state court's judgment evicting him from his property, Mr. Holt would not have the injury he now seeks to redress. *See Long*, 182 F.3d at 557; *Wright v. Tackett*, 39 F.3d 155, 158 (7th Cir. 1994). This conclusion is reinforced by Mr. Holt's assertions in his brief that "the issues concern dismissal of a properly stated claim" and that he was "evicted by a court without subject matter jurisdiction." These statements belie Mr. Holt's contention that he does not seek to overturn the state courts' judgments.[1] We have repeatedly stated that "a litigant may not attempt to circumvent the effect of *Rooker-Feldman* and seek a reversal of a state court judgment simply by casting the complaint in the form of a civil rights action." *Long*, 182 F.3d at 557; *see Ritter*, 992 F.2d at 754. Thus, Mr. Holt cannot overcome the jurisdictional bar by styling his claim as a due process action.

To the extent that Mr. Holt continues to challenge the district court's denial of his motion for default judgment

---

[1] Mr. Holt also makes the undeveloped argument that he "had no opportunity to present his due process, equal protection, and Fifth Amendment taking claims to the state court." It is true that the *Rooker-Feldman* doctrine would not preclude a federal court from hearing Mr. Holt's claim if he did not have a reasonable opportunity to bring his claim in state court, *Taylor v. Fed. Nat'l Mortgage Ass'n*, 374 F.3d 529, 533 (7th Cir. 2004); *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 558 (7th Cir. 1999). But Mr. Holt has not demonstrated, or even argued, that state court rules or procedures, or difficulties caused by factors "independent of the actions of the opposing parties" prevented the issues from being raised in the state court proceedings that preceded this action. *See Taylor*, 374 F.3d at 534-35; *Long*, 182 F.3d at 558.

against certain defendants, we do not address his argument because we have determined that the district court lacked subject matter jurisdiction over the case.

AFFIRMED

A true Copy:

     Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*