UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted November 17, 2005[*]
Decided November 22, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-2774

| | |
|---|---|
| RICHARD BOLTE, <br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Western District of Wisconsin |
| *v.* | No. 04-C-935-C |
| CAROL KOSCOVE, et al. <br> *Defendants-Appellees.* | Barbara B. Crabb, <br> *Chief Judge.* |

**O R D E R**

Richard Bolte sued various defendants—an opposing party from earlier litigation, that party's lawyers, the judge who presided over that litigation, and the county in which the judge sat—for conspiring to use the Colorado state courts to void a legal-services contract and thereby violate his civil rights.  The district court granted the defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(1) because it lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine.  We affirm.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

This case has a protracted history. Bolte, a Wisconsin lawyer, was retained by defendant Carol Koscove, a Colorado landowner, to determine if she was receiving appropriate royalty payments from ARCO Oil under an oil rights lease. After Bolte looked into the matter, Koscove—with the help of a Colorado lawyer—sued ARCO in the U.S. District Court for the District of Colorado, and prevailed. Along the way, Bolte was admitted *pro hac vice* in Colorado to assist in the proceeding.

A dispute arose between Koscove and Bolte over the fees owed under the terms of their agreement, and Koscove sued Bolte in state court claiming that he performed unauthorized legal services in Colorado. The case proceeded to trial, which was presided over by defendant Judge Theresa Cisneros, who ultimately agreed with Koscove and decided that Bolte should not receive any compensation under the contract.

Bolte's persistent efforts to challenge the Colorado court's decision all proved unsuccessful. His complaint in federal court seeking to enjoin Judge Cisneros from entering final judgment was dismissed *sua sponte* for failure to state a claim, *Bolte v. Cisneros*, No. 98-Z-847 (D. Colo. April 16, 1998) (unpublished order). Shortly thereafter, the Tenth Circuit denied his petition for a writ of *mandamus* to reverse the district court's dismissal order. *In re: Bolte*, No. 98-1141 (10th Cir. Apr. 21, 1998) (unpublished order). Bolte next appealed the Colorado state-court decision, and the Colorado Court of Appeals affirmed, *Koscove v. Bolte*, 30 P.3d 784 (Colo. Ct. App. 2001). Bolte appealed that decision to the Colorado Supreme Court, which denied *certiorari, Koscove v. Bolte*, 30 P.3d 784 (Colo. Ct. App. 2001), and then to the United States Supreme Court, which also denied *certiorari. Bolte v. Koscove*, 534 U.S. 1128 (2002).

Bolte eventually filed this case in the Western District of Wisconsin, alleging that the defendants deprived him of property without due process, interfered with his contractual rights, and denied him his right to practice law. The district court dismissed the case for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because Bolte was seeking federal district court review of decisions from the Colorado state courts. In reaching this conclusion, the district court rejected Bolte's attempt to analogize his case to *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 556 (7th Cir. 1999), in which we held that the *Rooker-Feldman* doctrine did not bar federal claims arising from asserted violations that were "independent of and complete prior to the entry" of the challenged state order. The district court determined that Bolte's jurisdictional and due process claims could not be evaluated without reviewing the state court decisions. Because Bolte's claims were frivolous, the district court also awarded sanctions under Fed. R. Civ. P. 11 in favor of the defendants.

We review *de novo* a district court's grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(1). *Patel v. City of Chicago*, 383 F.3d 569, 572 (7th Cir. 2004). Lower federal courts lack subject matter jurisdiction to review decisions from the state court; the Supreme Court is the only federal court with jurisdiction to review state court judgments. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)*; Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923); *Holt v. Lake County Bd. of Comm'rs.*, 408 F.3d 335, 336 (7th Cir. 2005) (per curiam). The *Rooker-Feldman* doctrine applies when a losing party in state court sues in federal court, complaining of an injury caused by the state-court judgment and seeking review of that judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 125 S. Ct. 1517, 1521-22 (2005); *Holt*, 408 F.3d at 336.

On appeal, Bolte again relies on *Long* for the proposition that his federal claims are independent of the state court decision and this should not be barred in federal court. In *Long*, a former tenant sued her landlord for damages arising out of her allegedly unlawful eviction from her subsidized apartment. *Long*, 182 F.3d at 552-53. We reversed the district court's dismissal of plaintiff's claims under the *Rooker-Feldman* doctrine because the defendant's misrepresentations in evicting her were "independent of and complete prior to the entry" of the state court's judgment. *Id.* at 556. Here, Bolte contends that the Colorado state courts and Judge Cisneros in particular participated in some sort of fraud, apparently by overreaching to rule upon the scope of his authority to practice law in Colorado—a question, he says, that could be determined only by the federal courts.

Unlike the claims in *Long*, however, the fraud (or conspiracy) that Bolte vaguely imputes to Judge Cisneros concerns the validity of his state court judgment against him; he does not elaborate on why he belives he has a claim that is independent of that judgment. "[W]e have recognized a distinction between a federal claim alleging injury caused by a state court judgment and a federal claim alleging a prior injury that a state court failed to remedy." *Long*, 182 F.3d at 555 (internal quotes and citations omitted). Because Bolte's conspiracy claim is inextricably intertwined with the state court's judgment, the *Rooker-Feldman* doctrine bars his claim.

As a final matter, all of the defendants except El Paso County have moved for sanctions against Bolte, alleging that his appeal repeats the same arguments that the district court held were frivolous. An appellate court may award sanctions against an appellant who brings a frivolous appeal. Fed. R. App. R. 38; *Ins. Co. of the West v. County of McHenry*, 328 F.3d 926, 929 (7th Cir. 2003). Sanctions may be imposed if a plaintiff restates arguments that were properly rejected by the district court without support for why the district court's decision should be altered. *Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993). "[T]he judicial system cannot tolerate litigants who refuse to accept adverse decisions." *Homola v. McNamara*, 59

F.3d 647, 651 (7th Cir. 1995). "[I]f a litigant (even if unrepresented) persists in a hopeless cause long after it should have been clear to him, as a reasonable person, that his position was groundless, sanctions should be imposed." *Perry*, 16 F.3d at 140. This is the seventh time Bolte has argued that the Colorado state court did not have jurisdiction, and each time he has received the same result; sanctions are warranted here. The defendants have fourteen days to file a statement of the attorneys' fees and other expenses reasonably incurred in defending this appeal, and Bolte will have ten days to respond to that statement.

AFFIRMED, WITH SANCTIONS.