**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted March 9, 2006[*]
Decided March 13, 2006

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-4254

| | |
|---|---|
| WINDSOR ALEXANDER,<br>    *Plaintiff-Appellant,* | Appeal from the United States District<br>Court for the Northern District of Illinois |
| *v.* | No. 05 C 4099 |
| EDWARD WASHINGTON II,<br>    *Defendant-Appellee.* | Amy J. St. Eve,<br>*Judge.* |

**O R D E R**

Olympia Building Corporation filed a forcible entry and detainer action in the Circuit Court of Cook County, Illinois, against Windsor Alexander.  In December 2004 the state court ordered Alexander to pay Olympia $355 per month.  When Alexander failed to pay, Olympia filed a motion for sanctions and sought possession of Alexander's residence.  In May 2005, Circuit Judge Edward Washington II granted Olympia's motion and awarded Olympia possession of Alexander's residence.  Alexander then filed a motion to vacate Judge Washington's order, arguing that the judge lacked jurisdiction to enter the order.  Judge Washington

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

denied the motion on June 17, 2005, and the Cook County sheriff evicted Alexander soon after.

On July 15, 2005, Alexander filed suit against Judge Washington in district court under 42 U.S.C. § 1983, claiming that the judge denied him equal protection under the Fourteenth Amendment by entering, and then refusing to vacate, the May 2005 order giving possession to Olympia. Alexander seeks $150,000 in compensatory damages and $1.5 million in punitive damages from the judge. The district court concluded that it lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine, *see Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and dismissed the case under 28 U.S.C. § 1915(e)(2)(B)(iii). The court noted, however, that Alexander could not sue for damages in any case because Judge Washington was absolutely immune.

On appeal Alexander challenges the dismissal, which we review de novo. *Crestview Vill. Apartments v. United States Dep't of Hous. & Urban Dev.*, 383 F.3d 552, 556 (7th Cir. 2004). The *Rooker-Feldman* doctrine bars federal lawsuits "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commence and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 125 S. Ct. 1517, 1521-22 (2005). District courts are not allowed to hear these cases because, "no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002) (citation and quotation marks omitted).

The district court was right to dismiss Alexander's suit, which calls to mind the similar complaint at issue in *Holt v. Lake County Board of Commissioners*, 408 F.3d 335, 336 (7th Cir. 2005). The federal plaintiff in that case, having lost an eviction action in state court, brought suit under § 1983 claiming that his property was taken without due process as a consequence of the state litigation. *Id.* at 335. We observed that the plaintiff would not have been complaining of injury "absent the state court's judgment evicting him from his property," and thus the *Rooker-Feldman* doctrine precluded the district court from hearing his claim. *Id.* at 336; *see also Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993) (explaining that plaintiffs would have no federal due process claim "but for the [state court's] tax lien foreclosure judgment"). Likewise, Alexander would not be in federal court but for the adverse state-court judgment. In fact, Alexander admits that he seeks damages precisely because of Judge Washington's "entry of and refusal to vacate" his May 2005 order giving Olympia possession of his residence. Thus, we agree with the district court that under the *Rooker-Feldman* doctrine subject-matter jurisdiction was absent.

AFFIRMED.