NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois  60604**

Argued February 28, 2007
Decided April 18, 2007

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 06-3212

RICHARD BOLTE,
    *Plaintiff-Appellant*,

    *v.*

SUPREME COURT OF
WISCONSIN, SHIRLEY S.
ABRAHAMSON, Chief Justice, JON
P. WILCOX, Justice, et al.,
    *Defendants-Appellees*.

Appeal from the United States
District Court for the Eastern
District of Wisconsin.

No. 06 C 549

Charles N. Clevert, Jr.,
*Judge*.

**O R D E R**

Richard Bolte, an attorney admitted to practice law in Wisconsin, was publicly reprimanded by the Supreme Court of Wisconsin for engaging in the unauthorized practice of law in Colorado.  He responded by filing a federal lawsuit naming as defendants the Supreme Court of Wisconsin, its justices and the person who reported his unauthorized practice.  Mr. Bolte seeks to void both the reprimand and a related state-court judgment from Colorado.  The district court dismissed for lack of subject-matter jurisdiction.  We affirm.

In 1994, Mr. Bolte entered into a contract in Colorado with Carol Koscove. In this contract Mr. Bolte agreed to review the royalties due Koscove under a mineral lease between her and an oil company. At the time Mr. Bolte contracted with Koscove, he was an inactive member of the Wisconsin Bar. Mr. Bolte began performing under the contract, and he later obtained permission from the United States District Court for the District of Colorado to appear *pro hac vice* in a federal lawsuit Koscove brought against the oil company. The parties eventually settled, but Koscove refused to pay Mr. Bolte the entire amount he billed under their contract. In 1996, Koscove sued Mr. Bolte in a Colorado court for recission of their contract, arguing that he engaged in the unauthorized practice of law in Colorado and thus the contract was unenforceable. In 2001, the Colorado Court of Appeals issued a final decision rescinding the contract and ordering Mr. Bolte to return the money he had been paid.

Mr. Bolte then brought suit in the Western District of Wisconsin against Koscove, her lawyers, the Colorado judge who presided over the recision action and the county in which the judge sat. *See Bolte v. Koscove*, No. 05-2774, 2005 WL 3113460, at *1 (7th Cir. Nov. 22, 2005). Mr. Bolte claimed that the Colorado judgment rescinding his contract with Koscove deprived him of property without due process, interfered with his contractual rights, and denied him his right to practice law. *Id.* The district court dismissed for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine, *see D.C. Ct. App. v. Feldman*, 460 U.S. 462, 476, 482-83 (1982); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16 (1923). We affirmed that judgment. *See Bolte*, 2005 WL 3113460 at *1-2. We also sanctioned Mr. Bolte under Federal Rule of Appellate Procedure 38 for filing a frivolous appeal. *Id.* at *2.

Meanwhile, Koscove submitted a grievance against Mr. Bolte in Wisconsin. In 2003, the Office of Lawyer Regulation in Wisconsin initiated disciplinary proceedings against Mr. Bolte for the unauthorized practice of law in Colorado. In 2005, the Supreme Court of Wisconsin issued a final disciplinary decision finding that Mr. Bolte had engaged in the unauthorized practice of law that was not incident to his *pro hac vice* admission to the District of Colorado, and that he had transferred property to avoid collection on the judgment Koscove obtained in Colorado. *See In re Disciplinary Proceedings Against Bolte*, 699 N.W.2d 914 (Wis. 2005). The Supreme Court of Wisconsin publicly reprimanded Mr. Bolte and required him to pay the costs of his disciplinary proceeding.

Mr. Bolte then filed this suit in the Eastern District of Wisconsin. He claims under 42 U.S.C. § 1983 that the Supreme Court of Wisconsin and its justices lacked jurisdiction over the disciplinary proceeding and thus violated his federal constitutional rights by issuing the reprimand. He alleges, too, that Koscove was a

"collaborator and joint actor" with the justices. Additionally, Mr. Bolte names Koscove and the justices in supplemental, state tort claims based on their roles in his disciplinary proceeding. Mr. Bolte seeks to void both the reprimand issued in Wisconsin and the Colorado judgment. He also seeks damages.

The district court dismissed the complaint. The court reasoned that it lacked subject-matter jurisdiction under the *Rooker-Feldman* doctrine. The court also concluded, in the alternative, that the justices are absolutely immune from suit, and that Mr. Bolte's claims against Koscove are barred by his prior federal action.

On appeal, Mr. Bolte contends that the district court has subject-matter jurisdiction to entertain his challenge to the reprimand issued by the Supreme Court of Wisconsin. He argues, essentially, that the Wisconsin court had no jurisdiction to sanction conduct that occurred outside the state, and that *Rooker-Feldman* does not bar review of a judgment entered without jurisdiction. And, he adds, his challenge to the reprimand is not foreclosed by doctrines of immunity or preclusion. Mr. Bolte says nothing in his brief about the dismissal of his claims related to the Colorado judgment, or about any of his supplemental state-law claims. Accordingly, all of those claims are abandoned. *See Blise v. Antaramian*, 409 F.3d 861, 866 n.3 (7th Cir. 2005).

This appeal lacks merit. Mr. Bolte effectively asked the district court to review and overturn the final decision of the Supreme Court of Wisconsin in precisely the manner an appellate court would. But, under the *Rooker-Feldman* doctrine, federal courts other than the Supreme Court do not have appellate jurisdiction over state courts, *see Lance v. Dennis*, 546 U.S. 459, 461 (2006); *Rooker*, 263 U.S. at 415-16; *Holt v. Lake County Bd. of Comm'rs*, 408 F.3d 335, 336 (7th Cir. 2005); *Ritter v. Ross*, 992 F.2d 750, 753 (7th Cir. 1993), and thus cannot entertain suits brought by state-court losers to review or modify a final decision of a state court, *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 283-84 (2005); *Feldman*, 460 U.S. at 476, 482-83; *Rooker*, 263 U.S. at 415-16; *Holt*, 408 F.3d at 336; *Leaf v. Supreme Court Wis.*, 979 F.2d 589, 596 (7th Cir. 1992). We have recognized that an attorney disciplinary proceeding is a judicial proceeding that falls within *Rooker-Feldman*. *See Johnson v. Supreme Court of Ill.*, 165 F.3d 1140, 1141 (7th Cir. 1999); *Leaf*, 979 F.2d at 597; *see also Feldman*, 460 U.S. at 478-81 (holding that state-court ruling on plaintiff's ability to waive participation in bar exam was judicial).

It is irrelevant that Mr. Bolte has couched his complaint as a civil rights action because the suit nevertheless seeks an injunction preventing enforcement of the reprimand against Mr. Bolte. Such relief would amount to a reversal of the final judgment of the Wisconsin court. *See O'Malley v. Litscher*, 465 F.3d 799, 802,

804 (7th Cir. 2006); *Holt*, 408 F.3d at 336; *Ritter*, 992 F.2d at 754-55; *see also Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 561 (7th Cir. 1999) (distinguishing claim alleging injury caused by state-court judgment from claim alleging independent prior injury that state court failed to remedy).  It is also irrelevant that Mr. Bolte has sued the justices and Koscove individually, because these claims are premised upon the individuals' roles in the procurement of the reprimand and share the goal of undoing its effect.  *See O'Malley*, 465 F.3d at 802; *Holt*, 408 F.3d at 335-36; *Johnson*, 165 F.3d at 1141*; Ritter*, 992 F.2d at 753-54*; Leaf*, 979 F.2d at 598.

The district court's dismissal of Mr. Bolte's complaint is affirmed.