

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-18-2007

# S Washington Avenue v. Wilentz Goldman

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3472

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"S Washington Avenue v. Wilentz Goldman" (2007). *2007 Decisions.* Paper 46.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/46

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3472

SOUTH WASHINGTON AVENUE, L.L.C.; RUTH HALPER, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF HUBERT HALPER, THE ESTATE OF HELEN HALPER; LAURENCE HALPER, CLARA HALPER, LAURENCE HALPER'S WIFE; MARK HALPER; RUBY HALPER-ERIKKILA, M.D.; RONALD HALPER; CINDY HALPER RAIMAN, FAITH ROST; LAURENCE AND CLARA HALPER, AS GUARDIANS FOR THEIR CHILDREN ZACHARY HALPER, SARAH HALPER, NICOLE HALPER, CASSANDRA HALPER,
                                                                              Appellants
v.

WILENTZ, GOLDMAN & SPITZER, P.A.; WARREN WILENTZ; JOHN HOFFMAN, ESQ., THE LAW FIRM OF KAPLAN & KELSO, L.L.C.; BRUCE KAPLAN; THOMAS KELSO; DAVID CRABIEL, FREEHOLDER OF MIDDLESEX COUNTY, ON BEHALF OF MIDDLESEX COUNTY BOARD OF FREEHOLDERS; MIDDLESEX COUNTY; MIDDLESEX COUNTY IMPROVEMENT AUTHORITY; THE TOWNSHIP OF PISCATAWAY; BRIAN WAHLER, MAYOR OF THE TOWNSHIP OF PISCATAWAY; JAMES CLARKIN, III, ESQ.; STEVE CAHN, ESQ., FROM THE LAW FIRM OF EICHEN, LEVINSON, CAHN AND PARRA, LLC AND EICHEN AND CAHN, LLC AND COUNSEL FOR THE MIDDLESEX COUNTY PLANNING BOARD AND COUNCILMAN FOR HE TOWNSHIP OF PISCATAWAY; MIDDLESEX COUNTY PLANNING BOARD; TOWNSHIP COUNCIL OF PISCATAWAY; CHRIS NELSON, ESQ., OF VENEZIA AND NOLAN, LLC AND COUNSEL FOR PISCATAWAY TOWNSHIP PLANNING BOARD; STATE OF NEW JERSEY, GOVERNOR OF NEW JERSEY; JOHN DOES 1-30; MARY DOES 1-30

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 06-cv-03068)
District Judge: Honorable Peter Sheridan

Submitted Under Third Circuit L.A.R. 34.1(a),
November 30, 2007

1

Before: BARRY and FUENTES, <u>Circuit Judges</u>, and DIAMOND,<sup>*</sup> <u>District Judge</u>.

(Opinion Filed: December 18, 2007)

―――――――

OPINION

―――――――

DIAMOND, <u>District Judge</u>.

Members of the Halper family and their business, South Washington Avenue,
L.L.C., appeal an Order from the District Court of New Jersey denying their request for
an injunction to prevent the transfer of condemned property. We conclude that the
District Court lacks subject matter jurisdiction over this dispute. Accordingly, we vacate
and remand with directions to enter an order dismissing the case.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Because we write only for the benefit of the Parties, we will set out the facts only
briefly. This appeal is the most recent chapter of a lengthy saga concerning the efforts of
the Township of Piscataway, New Jersey to condemn a parcel of farmland. Appellants
own the farm; Appellees were involved in the condemnation proceedings. Among the
Appellees are the Township, other parties supporting the condemnation, and the law firms
that represented those parties. One of the law firms – Appellee Wilentz, Goldman &
Spitzer – represented the Halper family in separate farm-related matters from 1994 until

―――――――――――――

* Honorable Paul S. Diamond, District Judge for the United States District Court of the Eastern District of Pennsylvania, sitting by designation.

2

1998.

In 1999, the Township initiated proceedings to take possession of Appellants' farm pursuant to New Jersey's Eminent Domain Act. N.J. Stat. Ann. § 20:3. Years of New Jersey state court litigation culminated on February 17, 2006, when the Superior Court issued a final judgment ordering Appellants to deliver possession of the land to the Township. (App. 2030-31.) Appellants had alleged before the Superior Court that the Wilentz firm was "secretly" advising Middlesex County – an amicus in the condemnation proceedings – and using confidential information the firm learned during its earlier representation of the Halpers. (App. 716.) Appellants argued that this conflict of interest invalidated the condemnation proceedings. (Id.) During a hearing on September 22, 2005, the Superior Court rejected the contention as baseless. (12T at 137-38, 140.)

On June 9, 2006, the New Jersey Supreme Court set a date for transfer of the land and prospectively denied any requests for stays. (App. 2050.)

On July 7, 2006, Appellants filed a Complaint in New Jersey federal court, claiming that the state court proceedings and judgments had violated their constitutional rights because they were tainted by a conflict of interest. (App. 2069-3167.) Appellants again alleged that the Wilentz firm used confidential client information in advising Middlesex County during the condemnation proceedings, and asked the District Court to enjoin the transfer of the property. (App. 2078-79.)

On July 10, 2006, the District Court denied Appellants' request for a temporary

restraining order, ruling that the New Jersey state courts had already heard and rejected the conflicts issue.  (18T.)  On July 13, 2006, the District Court denied Appellants' Motion for Reconsideration.  (19T.)  Appellants now appeal the District Court's decision. Although Appellants' brief generates more heat than light, it is apparent that they are asking us to sustain the conflicts claim rejected by the New Jersey state courts.  We have jurisdiction under 28 U.S.C. § 1292(a).

## II. DISCUSSION

Under the Rooker-Feldman doctrine, federal district courts lack subject matter jurisdiction over actions in which relief is sought that would effectively "reverse a state court decision or void its ruling."  Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192 (3d Cir. 2006).  See also Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005). This doctrine applies to final decisions of state courts at all levels.  In re Knapper, 407 F.3d 573, 580 (3d Cir. 2005).

The instant action falls squarely within the prohibitions of Rooker-Feldman.  The New Jersey state courts have already addressed the conflicts issue Appellants raise here. Thus, to rule in Appellants' favor, we would necessarily have to decide that the state courts erred in rejecting the conflicts claim.  This is precisely what Rooker-Feldman prohibits.  See Exxon, 544 U.S. at 284; Taliaferro, 458 F.3d at 192 (doctrine precludes jurisdiction over claims actually litigated in state court); Knapper, 407 F.3d at 580

4

(Rooker-Feldman "prohibits District Courts from adjudicating actions in which the relief requested requires determining whether the state court's decision is wrong or voiding the state court's ruling"); Marran v. Marran, 376 F.3d 143, 151 (3d Cir. 2004) (claims based on those already adjudicated in state court present "the most straightforward application of Rooker-Feldman").

Moreover, even if the state courts had not ruled on the conflicts issue, Rooker-Feldman would still preclude the District Court from hearing this case. After almost eight years of litigation, the state courts upheld the condemnation of Appellants' farm and ordered transfer of the property. Claiming that these rulings caused them constitutional injury, Appellants ask the federal courts to nullify them. Under Exxon Mobil, however, district courts may not hear: "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon, 544 U.S. at 284; see also Taliaferro, 458 F.3d at 192 (actions that would void a state court ruling are prohibited); Holt v. Lake County Bd. of Comm., 408 F.3d 335, 336 (7th Cir. 2005) (Rooker-Feldman barred plaintiff's action because "absent the state court's judgment . . . [plaintiff] would not have the injury he now seeks to redress"). In these circumstances, the District Court plainly had no jurisdiction to hear this case.

## III. CONCLUSION

We will vacate the District Court's judgment and remand with an instruction to enter an order dismissing the case for lack of subject matter jurisdiction.