**James RAPISARDI, Executor of the Estate of Rosario Rapisardi, Appellant,**

v.

**NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION; Michael Pisani, Department Supervisor (in his official capacity).**

**No. 07–3467.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) April 7, 2008.

Filed April 14, 2008.

James Rapisardi, Logan Township, NJ, pro se.

Katherine G. Motley–Hunt, Office of Attorney General of New Jersey Division of Law, Trenton, NJ, for Appellees.

Before: McKEE, M. SMITH and CHAGARES, Circuit Judges.

OPINION

PER CURIAM.

This case arose after the New Jersey Department of Environmental Protection instigated administrative proceedings against Rosario and James Rapisardi for violations of the New Jersey Freshwater Wetlands Protection Act, N.J.S.A. 13:9B–1 to –40.[1] In response, Plaintiff, James Rapisardi, in his capacity as executor of the estate of Rosario Rapisardi, filed a complaint in the District Court against the State of New Jersey seeking the dismissal of all State court actions and judgments against him and the estate. On August 7, 2007, the District Court granted defendants' motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. The Court reasoned that, "[u]nder the *Rooker–Feldman* doctrine, this Court is prohibited from taking juris-

---

1. We need not repeat the details of the underlying dispute as they are well-known to the parties and are summarized in the District Court's memorandum.

diction over a claim appealing a state court decision." Rapisardi now appeals from the District Court's dismissal of his complaint seeking "federal review of the facts of this case." (*See* Compl. at 1.)

We have jurisdiction over this appeal under 28 U.S.C. § 1291 and exercise plenary review of the District Court's application of the *Rooker–Feldman* doctrine. *See Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 547 (3d Cir.2006). We also exercise plenary review over the dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(1). *See In re Cybergenics Corp.*, 226 F.3d 237, 239 (3d Cir.2000).

In some circumstances, the *Rooker–Feldman* doctrine deprives a federal district court of jurisdiction to review a state court adjudication. *Turner*, 449 F.3d at 547. The *Rooker–Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Here, Rapisardi seeks to dismiss all judgments against him issued by the Superior Court of New Jersey, Appellate Division, and to vacate all fines, penalties, sanctions and restoration orders imposed. He also seeks to expunge both his own credit record and that of the estate of Rosario Rapisardi. Rapisardi disputes the District Court's conclusion that his claims are barred by the *Rooker–Feldman* doctrine.

The allegations concerning the fines, penalties, sanctions and restoration orders issued by the Superior Court of New Jersey, Appellate Division, as well as the resulting damage to the Rapisardis' credit reports, clearly constitute complaints about putative injuries caused by a state court judgment. Thus, the District Court properly concluded that it lacked jurisdiction over these claims. *See Holt v. Lake County Bd. of Comm'rs*, 408 F.3d 335, 336 (7th Cir.2005) (plaintiff's action barred by *Rooker–Feldman* because "[plaintiff's] injury was caused by the state court judgments ... [and] absent the state court's judgment ... [plaintiff] would not have the injury he now seeks to redress") (per curiam) (cited in *Turner*, 449 F.3d at 547).

Rapisardi argues that New Jersey did not have the legal authority or jurisdiction to prosecute the charges against him, pursuant to *Rapanos v. United States*, 547 U.S. 715, 126 S.Ct. 2208, 165 L.Ed.2d 159 (2006) and, therefore, that federal subject matter jurisdiction is proper.[2] *Rapanos* is inapposite. In *Rapanos*, the Supreme Court attempted to clarify what qualifies as a regulable water under the *federal* Clean Water Act for purposes of the exercise of federal jurisdiction over certain waterways. The opinion does not, however, provide any basis for subject matter jurisdiction over Rapisardi's claims, which seek to overturn various state court judgments against James and Rosario Rapisardi for the violation of *state* environmental laws.

Moreover, to the extent that review of any of Rapisardi's claims is not barred by the *Rooker–Feldman* doctrine, they are barred by res judicata because he is attempting to relitigate issues previously determined by the New Jersey Superior Court. Under New Jersey law, res judicata requires the following elements: (1) the

---

**2.** Plaintiff refers to the case in his papers as *Carabell v. U.S. Army Corps of Engineers;* however, the matter appeared before the Supreme Court as a consolidated case and is captioned as *Rapanos v. United States,* 547 U.S. 715, 126 S.Ct. 2208, 165 L.Ed.2d 159 (2006).

final judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one. *See McNeil v. Legislative Apportionment Comm'n of the State of N.J.,* 177 N.J. 364, 828 A.2d 840, 859 (2003). There is no question that all three elements are present here; therefore, res judicata precludes federal court review of any of the claims presented in this case.[3]

---

**3.** In his reply brief, Rapisardi argues that federal jurisdiction is proper based on alleged constitutional violations resulting from the state court judgments against him. However, we need not address these allegations for the first time on appeal, as Rapisardi did not raise these claims in his complaint before the District Court. *See Ross v. Hotel Employees and Rest. Employees Int'l Union,* 266 F.3d 236, 242 (3d Cir.2001).