

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-4-2008

# Harris v. Brody

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3016

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Harris v. Brody" (2008). *2008 Decisions*. Paper 723.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/723

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3016
_____

ALAN HARRIS,
                              Appellant

v.

ELI BRODY


_____


On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 07-CV-01146)
District Judge:  Honorable Susan D. Wigenton

_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
July 28, 2008
Before: SLOVITER, BARRY and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 4, 2008)
_____

OPINION
_____

PER CURIAM

     Alan Harris appeals from an order of the United States District Court for the

District of New Jersey, which granted the defendant's motion to dismiss Harris'

complaint for lack of subject matter jurisdiction.  We will affirm the District Court's

order.

We need not repeat the details of the underlying dispute as they are well-known to the parties and are summarized in the District Court's memorandum. In short, Harris submitted his mother's will for probate, and Eli Brody, the defendant in the instant case, filed a caveat. The parties reached a settlement at a case management conference on October 6, 2004. A few months later, Harris filed a motion to vacate the judgment, but the judgment was eventually upheld by the state courts. When Harris did not abide by the judgment, he was removed as executor of the will and costs were assessed against him. The New Jersey Appellate Division affirmed the judgment and the New Jersey Supreme Court denied Harris' petition for certification. Harris' motion for reconsideration and clarification was denied. Harris then filed a complaint in the United States District Court for the Southern District of New York. That court transferred the case to the federal district court in New Jersey. The District Court determined that it lacked subject matter jurisdiction pursuant to the Rooker-Feldman[1] doctrine, and Harris appealed.[2]

We have jurisdiction over this appeal under 28 U.S.C. § 1291 and exercise plenary review of the District Court's application of the Rooker-Feldman doctrine. See Turner v.

---

[1] The Rooker-Feldman doctrine refers to principles set forth by the Supreme Court in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1993).

[2] Harris also filed a motion for reconsideration in the District Court, which the District Court denied on October 22, 2007. Harris did not file an amended appeal from that decision, so it is not before us. Fed. R. App. 4(a)(4)(B)(ii).

Crawford Square Apartments III, L.P., 449 F.3d 542, 547 (3d Cir. 2006). We also exercise plenary review over the dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(1). See In re Cybergenics Corp., 226 F.3d 237, 239 (3d Cir. 2000).

In some circumstances, the Rooker-Feldman doctrine deprives a federal district court of jurisdiction to review a state court adjudication. Turner, 449 F.3d at 547. The Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Here, Harris' complaint seeks to have the District Court declare the state court consent decree void or "void as it applies to 'Wein Malkin', the $10,000 and furniture, and as well to the denial of plaintiff's right to represent the estate as executor, which is guaranteed by the will." The complaint further seeks to have the District Court order a new trial between the parties, and to have the District Court enter judgment in his favor, "recovery of misappropriated funds, costs, expenses, and any other relief the court deems just and proper."

Although Harris disputes the District Court's conclusion that his claims are barred by the Rooker-Feldman doctrine, Harris clearly believes he is the "state-court loser," and he complains about putative injuries caused by a state court judgment. Thus, the District Court properly concluded that it lacked jurisdiction over these claims. See Holt v. Lake

3

County Bd. of Comm'rs, 408 F.3d 335, 336 (7th Cir. 2005) (plaintiff's action barred by Rooker-Feldman because "[plaintiff's] injury was caused by the state court judgments . . . [and] absent the state court's judgment . . . [plaintiff] would not have the injury he now seeks to redress") (per curiam) (cited in Turner, 449 F.3d at 547).

Moreover, to the extent that review of any of Harris' claims is not barred by the Rooker-Feldman doctrine, review is barred by res judicata because he is attempting to relitigate issues previously determined by the New Jersey courts. Under New Jersey law, res judicata requires the following elements: (1) the final judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one. See McNeil v. Legislative Apportionment Comm'n of the State of N.J., 828 A.2d 840, 859 (N.J. 2003). There is no question that all three elements are present here; therefore, res judicata precludes federal court review of any of the claims presented in this case.[3]

For the foregoing reasons, we will affirm the District Court's judgment.

_____

[3] Harris' brief complains about the manner in which defendant's attorney filed the motion to dismiss in the District Court, and suggests that her actions are sanctionable. It does not appear that Harris moved for sanctions in the District Court, and in any event, we do not find any sanctionable behavior. Harris seems to believe that the Motion to Dismiss was a "fraud" and "time-barred." However, even without a motion, the District Court was required to determine its jurisdiction and was required to dismiss the complaint if jurisdiction was lacking. Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 77 (3d Cir. 2003) (subject-matter jurisdiction is non-waivable and court can raise sua sponte subject-matter jurisdiction concerns).

4