NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 24, 2020[*]
Decided February 24, 2020

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 19-2136

| | |
|---|---|
| STEVEN STUCKEY, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 16-cv-03443 |
| HOUSING AUTHORITY OF | |
| COOK COUNTY, et al., | Andrea R. Wood, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

After his eviction from public housing, Steven Stuckey sued local and federal housing authorities for disability discrimination and denial of due process. The district court gave Stuckey two opportunities to fix some pleading defects before dismissing his second amended complaint with prejudice for failure to state a claim. We affirm the judgment, with one modification.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

From 1997 to 2014, Stuckey participated in a public housing program run by the Housing Authority of Cook County. In 2011, he says, he filed a complaint with the United States Department of Housing and Urban Development, alleging that the county agency had denied him a reasonable accommodation for a disability. From the record, it is not clear what he identified as his disability or suggested as an accommodation. But according to Stuckey, neither agency responded to his complaint.

About three years later, the county agency sought to evict him for delinquent rent. A state court ruled in the agency's favor, and Stuckey was evicted in June 2014.

Then, in early 2016, Stuckey sued the county and federal agencies in federal court. His complaint sought reinstatement into the county housing program, alleging that he was evicted in retaliation for filing complaints and that the eviction procedures denied him due process under the Fifth and Fourteenth Amendments. He further alleged that, even before the eviction proceedings, the county agency had discriminated against him based on his (unspecified) disabilities.

The district court dismissed the complaint on the county agency's motion. As relevant here, the court dismissed Stuckey's eviction-related claims for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine, which bars federal district and circuit courts from reviewing state-court judgments. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923). This dismissal was without prejudice to pursuing these claims in state court. The district court then dismissed any claim arising from disability discrimination occurring before or otherwise separate from the eviction process, but with leave to amend his complaint to add details about his disability and the defendants' actions. (The court also saw in the complaint a race-discrimination claim that Stuckey now disavows.)

Stuckey followed up with an amended complaint that was nearly identical to his first. The district court dismissed it at screening, *see* 28 U.S.C. § 1915(e)(2), and gave him one more opportunity to amend the pleading defects.

Then, in a second amended complaint, Stuckey again focused on the eviction process and alleged that the resulting state-court judgment "was not [his] fault." He purported to challenge the eviction procedures under the Due Process Clause and 42 U.S.C. § 12188 (the Americans with Disabilities Act's enforcement provision), adding that he was disabled because of "lower back trauma" and problems with his knee and

hip. He also urged the court to read 18 U.S.C. § 242 (a statute criminalizing the violation of civil rights) for an explanation of "the merits that [he was] trying to explain."

The defendants moved to dismiss this complaint for failure to state a claim, *see* FED. R. CIV. P. 12(b)(6), and the district court did so—this time with prejudice. As before, much of the court's reasoning concerned the *Rooker-Feldman* doctrine.

On appeal, Stuckey mainly challenges the district court's dismissal based on *Rooker-Feldman*, a decision that we review de novo. *See Kowalski v. Boliker*, 893 F.3d 987, 994 (7th Cir. 2018). He contends that he is not challenging the state eviction judgment itself, but instead the county agency's failure to follow the eviction process prescribed by federal regulation. He also hints that the agency procured the eviction judgment by somehow deceiving the state court.

We agree with the district court that the *Rooker-Feldman* doctrine bars Stuckey's eviction-process claims because the injury that he seeks to undo—eviction from public housing—flows directly from the state-court judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding *Rooker-Feldman* bars cases "by state-court losers complaining of an injury caused by the state-court judgment"). Indeed, Stuckey admits he "would have no claim if the state court had not vacated [him]." *See Holt v. Lake Cty. Bd. of Comm'rs*, 408 F.3d 335, 336 (7th Cir. 2005) ("[A]bsent the state court's judgment evicting him from his property, [appellant] would not have the injury he now seeks to redress.").

The fact that Stuckey frames his claims as involving "due process" does not change things. *See Holt*, 408 F.3d at 336. To be sure, *Rooker-Feldman* does not bar district courts from ruling on alleged due-process violations that are "'independent of and complete prior to the entry' of the challenged state order." *Taylor v. Fed. Nat. Mortg. Ass'n*, 374 F.3d 529, 533 (7th Cir. 2004), *as amended on denial of reh'g* (Aug. 3, 2004) (citation omitted); *see also Exxon*, 544 U.S. at 293. But Stuckey's procedural challenges to the eviction judgment and his request to return to public housing are not of this sort. Rather, they seek to remedy injuries that were complete "only when the state court entered the eviction order against him." *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 557 (7th Cir. 1999). Because the district court's final order did not clarify that the dismissal of these claims is without prejudice to filing in state court, however, we will amend the judgment to so clarify. *See Lennon v. City of Carmel*, 865 F.3d 503, 509 (7th Cir. 2017).

That leaves Stuckey's claims alleging disability discrimination separate and apart from the eviction proceedings. Even though Stuckey described some aspects of his disabilities in the second amended complaint, he did not allege any accommodation that he was denied or plausibly explain how any defendant treated him differently because of his disabilities. *See* FED. R. CIV. P. 8(a); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding a complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). True, Stuckey now contends that the federal housing agency "stood idly by" as county officials moved to evict him. But neither this appellate contention nor anything in his complaint outlines a plausible theory of underlying disability discrimination. *See Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). And Stuckey's citations to various civil-rights and criminal-law statutes shed no light on the facts he means to allege. To the extent that Stuckey intended to plead a retaliation claim under the Fair Housing Act, *see* 42 U.S.C. § 3617, the district court properly dismissed it; Stuckey did not allege facts that would plausibly link his 2011 discrimination complaint to his eviction three years later. We have considered Stuckey's other arguments as to the local and federal defendants alike and conclude that none has merit.

Because of Stuckey's repeated failures to state a claim for relief, the district court did not abuse its discretion in dismissing the second amended complaint with prejudice—at least as to the claims of discrimination independent of the eviction proceedings. *See Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 334 (7th Cir. 2012). As noted, however, we modify the judgment to reflect that the jurisdictional dismissal of his eviction-process claims is without prejudice to pursuing them in state court.

As modified, the judgment is AFFIRMED.