NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 31, 2022[*]
Decided August 31, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 21-2829

| | |
|---|---|
| DEANN GRAHAM,<br>*Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:20-CV-714-JD |
| UMH IN HOLIDAY VILLAGE, LLC,<br>et al.,<br>*Defendants-Appellees*. | Jon E. DeGuilio,<br>*Chief Judge*. |

**O R D E R**

After an Indiana court entered an eviction judgment against her based on her landlord's claim that she violated her lease's pet policy, DeAnn Graham sued her

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

former landlord in federal court for discrimination based on her race (Black) and her daughter's disability (anxiety). The district court dismissed the suit for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine, and we affirm.

UMH IN Holiday Village, LLC ("UMH"), which managed Graham's rental community, commenced an eviction action in small-claims court after her dog allegedly bit a company employee. UMH asserted that Graham violated her lease by owning a pit bull—a prohibited breed—and not registering the dog with UMH. Graham maintained that her dog was a golden retriever mix who never bit anyone and was properly registered with the company as an emotional support animal for her daughter. The court granted UMH an Order for Immediate Possession.

Graham moved out but filed a counterclaim seeking damages for emotional distress, alleging that UMH engaged in racial profiling and sought eviction based on racial bias. The trial court ultimately ruled that the eviction was proper because Graham breached her lease by owning an unregistered pit bull (in addition to her golden retriever). It also rejected her discrimination claim, concluding that the evidence showed that UMH treated all tenants who violated the pet policy equally.

Graham appealed, arguing that UMH discriminated against her family in violation of the federal Fair Housing Act, 42 U.S.C. § 3604(a), (f)(1)–(2), (f)(3)(B), and the Rehabilitation Act, 29 U.S.C. § 794. The Indiana Court of Appeals affirmed, concluding that it could not consider her arguments because Graham did not raise them at the trial level. The Indiana Supreme Court declined review.

Graham then sued UMH in federal court. She alleged that, by seeking to evict her family based on their race and her daughter's disability, UMH violated the Fair Housing Act and the Rehabilitation Act. She repeated her assertions that her dog is not a pit bull, never bit anyone, and is a registered support animal. Regardless, she claimed, UMH denied a reasonable accommodation for her daughter's disability by preventing the family from staying in their home with their dog. She asked the court to rule that the state court "erred in the matter of law."

UMH moved to dismiss for lack of subject-matter jurisdiction based on the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). In granting the motion, the district court concluded that Graham's claims essentially challenged the legality of her eviction.

Reviewing that decision de novo, *see Andrade v. City of Hammond, Indiana*, 9 F.4th 947, 949 (7th Cir. 2021), we conclude that it was sound. The *Rooker-Feldman* doctrine prevents federal courts from deciding cases brought by litigants who lost in state court "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). No matter how a plaintiff characterizes her claims, or the legal theories she relies upon, a case that seeks relief from an injury traceable to a state court's judgment cannot be brought in federal district court. *See Holt v. Lake Cnty. Bd. of Comm'rs*, 408 F.3d 335, 336 (7th Cir. 2005). Here, Graham does not allege that she experienced any injury before, or apart from, UMH's decision to commence eviction proceedings. *See Iqbal v. Patel*, 780 F.3d 728, 730 (7th Cir. 2015). And her complaint asked the district court to find that the state court legally erred—precisely what the *Rooker-Feldman* doctrine prevents.

Graham counters that the district court had subject-matter jurisdiction under 28 U.S.C. § 1331 because she invoked federal statutes. But § 1331 concerns a district court's jurisdiction to hear claims as an original matter. Here, the state courts already approved the eviction, and federal district courts cannot review state-court judgments. *Exxon Mobil Corp.*, 544 U.S. at 284. Graham does not argue that her claims fall outside the scope of the *Rooker-Feldman* doctrine or otherwise challenge the district court's analysis, and so we AFFIRM the judgment.