# In the
# United States Court of Appeals
## For the Seventh Circuit

---

No. 03-3320

MARIETTA TAYLOR,

*Plaintiff-Appellant,*

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION,
WATERFIELD MORTGAGE COMPANY, and
BURKE, COSTANZA & CUPPY, LLP,

*Defendants-Appellees.*

---

Appeal from the United States District Court for the
Northern District of Indiana, Hammond Division.
No. 02-C-382—**Philip P. Simon**, *Judge.*

---

ARGUED FEBRUARY 12, 2004—DECIDED JULY 2, 2004

---

Before CUDAHY, COFFEY and ROVNER, *Circuit Judges.*

CUDAHY, *Circuit Judge.* Plaintiff-Appellant Marietta Taylor lost her home in a foreclosure action brought in the Superior Court of Lake County, Indiana by the Federal National Mortgage Association (Fannie Mae) and Waterfield Mortgage Company (Waterfield) through the law firm of Burke, Costanza & Cuppy, LLP (BCC) (collectively, the Defendants). Rather than directly appealing this judgment, Taylor filed a suit in state court alleging that the

Defendants had committed extrinsic fraud and a fraud upon the court by instituting a wrongful foreclosure action against her in violation of two federal statutes. After the Defendants removed the case to federal court, the district court dismissed Taylor's suit with prejudice for lack of subject matter jurisdiction because it implicated the *Rooker-Feldman* doctrine. Taylor now appeals, but for the following reasons, we affirm.

I.

When Taylor's husband died, her Social Security disability payments were temporarily suspended, though they were guaranteed by the Social Security Administration. Having no other income, she was unable to make timely payments on her mortgage and consequently fell behind on her account. In November 1998, Taylor received an offer of assistance with her monthly mortgage payment from the Calumet Township Trustee (the Trustee). But although the Trustee tendered payments for February 1999 and April-November 1999, these payments were refused because the loan had entered foreclosure, and Taylor needed to pay attorney's fees of $1,235 in order to cure the foreclosure action before her account (which was approximately $2,000 in arrears as of December 30, 1999) could be brought up to date. Fannie Mae and Waterfield ultimately obtained a judgment of foreclosure from the Lake County Superior Court.

Instead of appealing this judgment, on August 21, 2002, Taylor filed a "Complaint to Vacate Judgment and for Compensatory As Well As Punitive Damages Based On Fraud Upon the Court" (Complaint) in Lake County Superior Court, claiming that the Defendants had committed a fraud upon the court by instituting a wrongful foreclosure action against her, which itself was alleged to have been in violation of the Equal Credit Opportunity Act

(ECOA), 15 U.S.C. § 1691 et seq., and 42 U.S.C. § 1985. The Defendants removed the case to federal court and then moved to dismiss pursuant to Rule 9(b) of the Federal Rules of Civil Procedure for failure to plead her fraud claim with specificity.

Upon the district court's review of the Defendants' motion to dismiss, a jurisdictional question arose: whether the *Rooker-Feldman* doctrine barred subject matter jurisdiction over the case. After the parties briefed the issue, the district court found that Taylor had requested the federal court to set aside the state court's judgment of foreclosure and that the *Rooker-Feldman* doctrine thus barred her suit. Moreover, the district court found that even if Taylor "recast the complaint another way, we would still be constrained to find that the action is inextricably intertwined with the state court judgment." (Appellant's Appx. at 27.) The district court found that the injury of which Taylor complained was caused by the state court's judgment of foreclosure, not by the acts of the Defendants. Since Taylor was found to have had a reasonable opportunity to raise her claims and to challenge the foreclosure in state court, the district court dismissed Taylor's suit with prejudice for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine and remanded it to the state court from whence it came.

## II.

We review de novo a district court's determination that it lacks subject matter jurisdiction based on the *Rooker-Feldman* doctrine. *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002). The *Rooker-Feldman* doctrine derives its name from two decisions of the United States Supreme Court, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Simply put, the *Rooker-Feldman* doctrine

"precludes lower federal court jurisdiction over claims seeking review of state court judgments . . . [because] no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Brokaw*, 305 F.3d at 664. Therefore, if a claim is barred by the *Rooker-Feldman* doctrine, the federal court lacks subject matter jurisdiction over the case. *Id.*

In applying the *Rooker-Feldman* doctrine, the immediate inquiry is whether the "federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim." *Kamilewicz v. Bank of Boston Corp.*, 92 F.3d 506, 510 (7th Cir. 1996). Claims that directly seek to set aside a state court judgment are de facto appeals and are barred without additional inquiry. However, federal claims presented to the district court that were not raised in state court or that do not on their face require review of a state court's decision may still be subject to *Rooker-Feldman* if those claims are "inextricably intertwined" with a state court judgment.[1] *See Brokaw*, 305 F.3d at 664. While "inextricably intertwined" is a somewhat metaphysical

---

[1] Even though the *Rooker-Feldman* doctrine does not apply to claims that are neither de facto appeals nor are inextricably intertwined with a state court judgment, these claims may still be barred as claim-precluded under res judicata if the plaintiff litigated them (or could have litigated them) in state court proceedings. *See Rizzo v. Sheahan*, 266 F.3d 705, 713-14 (7th Cir. 2001) (If "the injury alleged is distinct from that judgment, i.e., the party maintains an injury apart from the loss in state court and not 'inextricably intertwined' with the state judgment . . . res judicata may apply, but *Rooker-Feldman* does not. . . . Also known as claim preclusion, res judicata is an affirmative defense designed to prevent the relitigation of claims that were or could have been asserted in an earlier proceeding.") (internal quotations and citations omitted).

concept, the "crucial point is whether 'the district court is in essence being called upon to review the state-court decision.'" *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993) (quoting *Feldman*, 460 U.S. at 483-84 n.16). The determination hinges on whether the federal claim alleges that the injury was caused by the state court judgment, or, alternatively, whether the federal claim alleges an independent prior injury that the state court failed to remedy. *See Long v. Shorebank Development Corp.*, 182 F.3d 548, 555 (7th Cir. 1999).

Once we have determined that a claim is inextricably intertwined, i.e., that it indirectly seeks to set aside a state court judgment, we must then determine whether "the plaintiff did not have a reasonable opportunity to raise the issue in state court proceedings." *Brokaw*, 305 F.3d at 668 (citing *Long*, 182 F.3d at 558). Here, if the plaintiffs could have raised the issue in state court proceedings, the claim is barred under the *Rooker-Feldman* doctrine. If not, the suit is free to proceed in federal court (subject to any claim preclusion defenses). To establish that they did not have a reasonable opportunity to raise an issue in state court, federal litigants must

> point[ ] to some factor independent of the actions of the opposing party that precluded the litigants from raising their federal claims during the state court proceedings. Typically, either some action taken by the state court or state court procedures in place have formed the barriers that the litigants are incapable of overcoming in order to present certain claims to the state court.

*Long*, 182 F.3d at 558.

## A.  Are Taylor's claims independent?

Taylor's first claim is that a fraud was perpetrated on the state court that granted the judgment of foreclosure.

Although the relief Taylor prays for in her complaint with respect to all three of her claims is "to recover her home, or equal monetary value plus interest of 10% per annum, plus punitive damages," (Appellant's Appx. at 12, 13), the relief granted when a claim of fraud on the court succeeds is that the party claiming fraud is relieved from the judgment, i.e., the judgment is set aside. *See* Ind. Trial Rule 60(B)(3) ("On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for . . . fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party."). The district court correctly determined that requesting the recovery of her home is tantamount to a request to vacate the state court's judgment of foreclosure, the form in which Taylor's complaint in state court was in fact styled, and that the *Rooker-Feldman* doctrine barred granting that relief. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991) (holding that a plaintiff's federal action seeking to "vacate" a state court judgment was a de facto appeal and thus barred under the *Rooker-Feldman* doctrine).

Both of Taylor's claimed federal statutory violations, on the other hand, allow for money damages. *See* 15 U.S.C. § 1691e(a)-(b) (allowing civil actions under the ECOA for actual and punitive damages); 42 U.S.C. § 1985(3) (a party claiming a conspiracy to deprive her of civil rights "may have an action for the recovery of damages, occasioned by such injury or deprivation"). While recovery of her home is not available through these claims, the monetary damages Taylor claims are compensatory damages in the amount of the value of her home plus 10% interest per annum and punitive damages. The fact that Taylor is claiming compensatory damages in the amount of the value of her home (plus interest) demonstrates that her asserted injury is the loss of her home due to the foreclosure judgment, not an

independent injury arising from acts of the Defendants.[2] *See Brokaw*, 305 F.3d at 667 (noting, in discussing *Long*, 182 F.3d at 557, that since "absent the eviction order, Long would not have suffered the injuries for which she now seeks to be compensated," her claims appeared to be barred under *Rooker-Feldman*); *Wright v. Tackett*, 39 F.3d 155, 157 (7th Cir. 1994) (in factually similar case, constitutional claims found to be inextricably intertwined with state court's denial of plaintiff's request to intervene in foreclosure action). Since the injury Taylor seeks to be compensated for did not arise until the judgment of foreclosure was obtained and she lost her home, her federal claims for money damages are inextricably intertwined with the state court judgment.

## B. Reasonable opportunity

We have held that "[w]hile the *Rooker-Feldman* doctrine bars federal subject matter jurisdiction over issues raised in state court, and those inextricably intertwined with such issues, 'an issue cannot be inextricably intertwined with a state court judgment if the plaintiff did not have a reasonable opportunity to raise the issue in state court proceedings.'" *Brokaw*, 305 F.3d at 668 (quoting *Long*, 182 F.3d at 558). The "reasonable opportunity" inquiry focuses not on ripeness, but on difficulties caused by "factor[s] independent of the actions of the opposing part[ies] that precluded" a plaintiff from bringing federal claims in state court, such as

---

[2] If, as a hypothetical example, attorney's fees were wrongfully added to the balance Taylor owed on her mortgage in violation of the ECOA, and if, when her home was sold at foreclosure, the attorney's fees were withheld from any balance owed to her, then she might have an independent claim for money damages in the amount of the wrongfully imposed attorney's fees. But she does not claim any such wrongful action or other independent injury.

state court rules or procedures. *Long*, 182 F.3d at 558.

Frankly, both the parties and the district court seem a bit confused about what the "reasonable opportunity" was, or is, in this case. This is not surprising, since we are faced with somewhat unusual circumstances with respect to this portion of our analysis. Usually, *Rooker-Feldman* is raised by defendants when a disappointed state court litigant brings suit in federal court to overturn the state court decision, or by plaintiffs when a defendant seeks removal of a state suit to federal court. Here, Taylor did sue in state court, but her suit was removed by the Defendants to federal court (apparently without any objection from Taylor) under asserted federal question jurisdiction. Once the district court raised the *Rooker-Feldman* doctrine as a potential bar to its subject matter jurisdiction, the Defendants admitted that *Rooker-Feldman* applied to bar federal jurisdiction, while Taylor had latched onto the federal venue and argued that her suit should remain in federal court. Taylor appealed the district court's dismissal of her suit because she is concerned that her claims might be issue-precluded on remand, leaving her case "unduly postured for a state-court dismissal." (Appellant's Br. at 12.) Taylor's concern is apparently the product of the district court's determination that she had had a reasonable opportunity to bring her claims in the state court foreclosure proceedings and to challenge the foreclosure.

Although we agree with the district court that Taylor has shown no barriers preventing her from bringing her claims in state court, and we therefore find that the district court's decision to remand for lack of subject matter jurisdiction was correct, we must attempt to allay Taylor's concern that her suit will be precluded on remand. Taylor's fear (and her desire to remain in federal court) seems to stem from confusion about the relationship of the *Rooker-Feldman* doctrine to the doctrine of res judicata, which, as we have previously noted, "are not coextensive." *GASH Assoc. v.*

*Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993). We have held that "[w]here *Rooker-Feldman* applies, lower federal courts have no power to address other affirmative defenses, including res judicata. . . . [W]e . . . recognize[ ] that the *Rooker-Feldman* doctrine should not be confused with res judicata (which we sometimes term 'preclusion') and that where *Rooker-Feldman* applies, the res judicata claim must not be reached." *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996). Our belief that no barriers exist to preclude Taylor from bringing her claims in state court is based on her failure to make us aware of any state laws, state court procedures or other impediments that would stand in the way of her bringing her claims in state court proceedings. *Cf. Brokaw*, 305 F.3d at 662-63 (finding that since minor plaintiff was not appointed a guardian at litem and was not allowed to appear at state court hearing where child abuse allegations determined, she did not have reasonable opportunity to bring constitutional claims in state court child neglect proceedings); *Long*, 182 F.3d at 559-60 (finding that the plaintiff did not have a reasonable opportunity to raise her federal claims in the state court eviction proceeding because Illinois law precluded her from doing so). We have not determined that Taylor is barred by res judicata because she could have or should have brought her claims as part of the foreclosure proceedings; the res judicata issue (if there is one) is for the state court to determine on remand.[3]

---

[3] Although we may not consider the issue of res judicata because we lack the subject matter jurisdiction to do so, we note that Indiana allows independent actions for fraud on the court to be brought at any time after judgment has been entered. *See Stonger v. Sorrell*, 776 N.E.2d 353, 357 (Ind. 2002) (adopting federal authority in analyzing claims of fraud on the court under Indiana Trial Rule 60(B), which holds that there is no time limit on bringing independent actions for fraud on the court, though claims
(continued...)

## Conclusion

Because Taylor's claims are all either de facto appeals of, or are inextricably intertwined with, the state court's judgment of foreclosure, and because she has failed to demonstrate any barriers preventing the consideration of her claims by the state court, the district court was correct that the *Rooker-Feldman* doctrine deprived it of subject matter jurisdiction over her suit. The dismissal with prejudice of Taylor's suit was thus appropriate, and the district court's order remanding her case to state court, where she will have the opportunity to bring her claims, is AFFIRMED.

A true Copy:

      Teste:

                                     _____

*Clerk of the United States Court of Appeals for the Seventh Circuit*

---

[3] (...continued)
may be barred by laches). The fact that the Defendants erroneously attempted to remove Taylor's suit to federal court should not have any bearing on the state court's analysis.

---