NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 18, 2008[*]
Decided June 30, 2008

**Before**

JOHN L. COFFEY, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 07-4076

| | |
|---|---|
| STEVEN D. YODER, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of |
| | Indiana, South Bend Division. |
|     *v.* | |
| | No. 07 C 168 |
| CITY OF LOGANSPORT, INDIANA, | |
| CITY OF LOGANSPORT PLANNING | Christopher A. Nuechterlein, |
| DEPARTMENT and CITY OF | *Magistrate Judge*. |
| LOGANSPORT BOARD OF ZONING | |
| APPEALS, | |
|     *Defendants-Appellees*. | |

**O R D E R**

In this lawsuit Steven Yoder claims that the terms of a state-court settlement which resolved a zoning dispute between Mr. Yoder and the City of Logansport,

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Indiana, violate the federal Constitution.  Mr. Yoder also claims that the city's zoning ordinance both is unconstitutional and violates the Fair Housing Act, *see* 42 U.S.C. § 3601-19.  A magistrate judge, presiding by consent, dismissed the action for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine, *see D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923), which was proper as to the first claim but not the others.  The court erroneously concluded that Mr. Yoder's challenges to the zoning ordinance are inextricably intertwined with the earlier settlement, but because we conclude that Mr. Yoder fails to state a claim for which relief can be granted, we affirm the dismissal of the action.

Mr. Yoder owns several houses in Logansport that do not adhere to the city's zoning ordinance:  they are located in an area zoned for single-family use, but he converted the homes into apartments.  The city filed several lawsuits against Mr. Yoder in state court, and eventually the court approved a settlement agreement obligating Mr. Yoder to comply with the zoning ordinance.  He apparently did not do so, and in May 2005 he was held in contempt of court, ordered to spend thirty days in jail and fined.

In April 2007, Mr. Yoder filed this action in the district court, seeking in part to set aside the order approving the settlement, but also claiming that the city's zoning ordinance was unconstitutional because it prevented "national origin/minority based peoples" from moving to the city.  R.1 at 6.  In October 2007 the city moved to dismiss the lawsuit under Federal Rule of Civil Procedure 12(b)(1), arguing that Mr. Yoder was simply attempting to relitigate the state-court settlement.

On appeal, Mr. Yoder argues that it was error to dismiss his claims for lack of subject-matter jurisdiction.  Under the *Rooker-Feldman* doctrine, federal courts other than the Supreme Court do not have subject-matter jurisdiction to review or modify state-court civil judgments.  *See Beth-El All Nations Church v. City of Chi.*, 486 F.3d 286, 292 (7th Cir. 2007); *Holt v. Lake County Bd. of Comm'rs*, 408 F.3d 335, 336 (7th Cir. 2005). We review the district court's application of the *Rooker-Feldman* doctrine de novo.  *See Taylor v. Fed. Nat'l Mortgage Ass'n*, 374 F.3d 529, 532 (7th Cir. 2004).  And because Mr. Yoder is a pro se litigant, we construe his complaint liberally.  *See Korsunskiy v. Gonzales*, 461 F.3d 847, 850 (7th Cir. 2006).

The magistrate judge properly dismissed Mr. Yoder's claim challenging the state-court order that approved his settlement with the city.  As we said, federal courts other than the Supreme Court cannot overturn state-court judgments.  *See Beth-El*, 486 F.3d at 292; *Taylor*, 374 F.3d at 532.  And a settlement approved by a state court is a judgment

for *Rooker-Feldman* purposes.  *Crestview Vill. Apartments v. U.S. Dep't of Hous. & Urban Dev.*, 383 F.3d 552, 556 (7th Cir. 2004); *4901 Corp. v. Town of Cicero*, 220 F.3d 522, 528 (7th Cir. 2000).

But Mr. Yoder's second and third claims, that the underlying zoning ordinance violates the Constitution and the Fair Housing Act, are not barred by *Rooker-Feldman*. The *Rooker-Feldman* doctrine applies to "'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Truserv Corp. v. Flegles, Inc.* 419 F.3d 584, 590 (7th Cir. 2005) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).  Mr. Yoder alleges that the zoning ordinance is structured to prevent minority residents from obtaining housing in Logansport.  Because this contention is distinct from the settlement of the prior litigation, *Rooker-Feldman* does not apply to defeat subject-matter jurisdiction.  *See Jones v. Brennan*, 465 F.3d 304, 305-06 (7th Cir. 2006) (emphasizing that *Rooker-Feldman* doctrine is "inapplicable when the plaintiff is not attacking a state court judgment"); *Burke v. Johnston*, 452 F.3d 665, 667-70 (7th Cir. 2006); *Zurich Am. Ins. Co. v. Superior Court for Cal.*, 326 F.3d 816, 822 (7th Cir. 2003) (noting that *Rooker-Feldman* doctrine does not apply when federal claim does not depend on determination that state court erred in deciding previous action).

Nevertheless, we may affirm the judgment on any ground supported by the record.  *See St. Paul Fire & Marine Ins. Co. v. Vill. of Franklin Park*, 523 F.3d 754, 756 (7th Cir. 2008).  Here Mr. Yoder alleges that the zoning ordinance is unconstitutional because it shows "blatant disregard for citizen needs" and "close[s] the city off to development."  But as we previously have noted, "[f]ederal courts 'are not zoning boards of appeal.'" *Centres, Inc. v. Town of Brookfield, Wis.*, 148 F.3d 699, 704 (7th Cir. 1998) (quoting *Polenz v. Parrott*, 883 F.2d 551, 558 (7th Cir. 1989)).  These allegations do not suggest that Mr. Yoder has been deprived of a constitutional right.  *See Burrell v. City of Kankakee*, 815 F.2d 1127, 1129 (7th Cir. 1987).  And Mr. Yoder does not have standing to pursue an equal-protection claim on behalf of potential minority residents in the city.  *See South-Suburban Hous. Ctr. v. Greater S. Suburban Bd. of Realtors*, 935 F.2d 868, 879-80 (7th Cir. 1991).

Mr. Yoder also fails to state a claim under the Fair Housing Act.  Because he sought to challenge the city's zoning ordinance as exclusionary, Mr. Yoder had to "allege *specific, concrete facts* demonstrating that the challenged practices harm him." *Warth v. Seldin*, 422 U.S. 490, 508 (1975) (emphasis added); *see Love Church v. City of*

*Evanston*, 896 F.2d 1082, 1085-86 (7th Cir. 1990).  Here Mr. Yoder's complaint is conclusory and sets forth neither specific nor concrete facts to support his claim that the city has engaged in unlawful discrimination.  And though the pleading requirements of Federal Rule of Civil Procedure 8 are lenient, a complaint must "'actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'"  *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)) (emphasis in original).  Mr. Yoder's complaint does not suggest that he has a right to relief.

For these reasons, we AFFIRM the magistrate judge's decision as modified.

AFFIRMED