In the

# United States Court of Appeals

### For the Seventh Circuit

No. 09-1964

MARSHALL FINCHER,

*Plaintiff-Appellant,*

*v.*

SOUTH BEND HOUSING AUTHORITY and
SOUTH BEND HERITAGE FOUNDATION,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 3:07-CV-308—**Philip P. Simon**, *Judge*.

AUGUST 20, 2009

Before POSNER, WILLIAMS, and SYKES, *Circuit Judges*.

PER CURIAM.  Marshall Fincher was evicted by the South Bend Housing Authority ("SBHA") and his subsequent application for housing to the South Bend Heritage Foundation ("Foundation") was denied. He sued the SBHA and the Foundation in an Indiana state court, charging that they had violated his rights under the United States Housing Act and the Fair Housing Act,

but his precise claims were difficult to decipher. The SBHA removed the case to federal district court on the basis of a federal question. After discovery, though, the SBHA argued and the district judge agreed that Fincher's claims against the SBHA could not be disentangled from the state court judgment concerning Fincher's eviction. The judge concluded that he was deprived of subject-matter jurisdiction over those claims by the *Rooker-Feldman* doctrine, and so he remanded them to state court. The claims against the Foundation related to events after Fincher's eviction, so the district judge proceeded to the merits and granted summary judgment for the Foundation.

Fincher appeals, and the SBHA has moved to dismiss the appeal as to itself, contending that under 28 U.S.C. § 1447(d) we lack jurisdiction to review the portion of the district court's order that remands Fincher's claims.

"An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). Although this section is not interpreted as expansively as its language might suggest, it does apply to remands based on a lack of subject-matter jurisdiction. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 129 S. Ct. 1862, 1865-66 (2009); *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127-28 (1995); *Baker v. Kingsley*, 387 F.3d 649, 653-54 (7th Cir. 2004). The district court based its remand order on a lack of subject-matter jurisdiction, so whether or not that determination is correct, we cannot review it. *See Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 232-33 (2007); *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 642 (2006).

Fincher points out that in *Taylor v. Federal National Mortgage Association*, 374 F.3d 529, 532, 536 (7th Cir. 2004), we decided an appeal in a case the district court had remanded on the basis of the *Rooker-Feldman* doctrine, just as in this case. But *Taylor* does not discuss jurisdiction, and so it is not a precedent on the jurisdictional issue presented by the present case. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119 (1984); *see also Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 91 (1998)*; Jezierski v. Mukasey*, 543 F.3d 886, 888 (7th Cir. 2008). We emphasize that notwithstanding *Taylor*, remands based on the *Rooker-Feldman* doctrine are jurisdictional, *see Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005), and therefore subject to the prohibition of appellate review in § 1447(d), *see Carlsbad Tech.*, 129 S. Ct. at 1865-66; *Things Remembered*, 516 U.S. at 127-28.

One final matter: in his response Fincher has requested that if we dismiss his appeal, we remand the case to the district court with instructions to assess costs under 28 U.S.C. § 1447(c). That section permits a district court to require payment of just costs as part of its remand order. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138 (2005). But if Fincher wanted the district court to assess costs, he should have asked the court to do so, since the decision to award costs and fees rests within the district court's discretion. *See id.* at 138-39.

To summarize, the SBHA's motion is granted to the extent that it seeks dismissal of the appeal against itself for lack of jurisdiction.