**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 7, 2016[*]
Decided September 12, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

No. 16-2181

| | |
|---|---|
| MARVIN DAVENPORT and JUDITH DAVENPORT, *Plaintiffs-Appellants*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 15 C 10947 |
| ROUNDPOINT MORTGAGE SERVICING CORP., et al., *Defendants-Appellees*. | Virginia M. Kendall, *Judge.* |

**O R D E R**

Marvin and Judith Davenport defaulted on their mortgage, and their lender brought a foreclosure action against them in state court. The Davenports contested the action, alleging that foreclosure was improper because their lender and loan servicer

---

[*] We have unanimously agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

had engaged in various unfair business practices. The court issued a judgment of foreclosure and eventually approved the judicial sale of the property. The very next day, the Davenports filed this lawsuit in federal court—purportedly on the basis of diversity jurisdiction, *see* 28 U.S.C. § 1332—in which they reiterated that the mortgage "was based on fraud therefore the foreclosure as well as the mortgage was null and voided." In addition to damages, the Davenports sought "clear title to their property." The district court dismissed the suit with prejudice, reasoning that the *Rooker–Feldman* doctrine, *see D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923), precluded the exercise of federal subject-matter jurisdiction because the Davenports are not permitted to use the district court "as an appellate tribunal to review the state court foreclosure."

The Davenports continue to insist, as they did to the district court, that the federal case is "irrelevant to the foreclosure case." But the federal lawsuit sought to "clear title" to the foreclosed property and thus represented an improper collateral challenge to the state-court judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 645 (7th Cir. 2011); *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 532–33 (7th Cir. 2004). To the extent the Davenports hint that they seek damages for extrajudicial injuries that wouldn't be barred by the *Rooker-Feldman* doctrine, *see Iqbal v. Patel*, 780 F.3d 728, 730 (7th Cir. 2015), they do not develop any meaningful argument that we can review. *See* FED. R. APP. P. 28(a)(8)(A); *Rahn v. Bd. of Trustees of N. Ill. Univ.*, 803 F.3d 285, 295 (7th Cir. 2015). They do not explain the significance, for example, of their scattershot references to statutes such as the Freedom of Information Act and the USA Patriot Act.

AFFIRMED.