**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2337
_____

FAITH DONCHEVA, individually and as executrix of the estate of Metodi Donchev
with heirs Faith, Anton, and Rocitsa,

Appellant

v.

CITIZENS BANK OF PENNSYLVANIA, Their Agents or Assigns Including National
Default Services, Inc.; UNDREN LAW FIRM, ET AL.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-19-cv-01039)
District Judge:  Honorable Joel H. Slomsky
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 1, 2020

Before:  KRAUSE, MATEY and ROTH, Circuit Judges

(Opinion filed: July 9, 2020)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Faith Doncheva appeals from the District Court's dismissal of her complaint after screening it pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons discussed below, we will affirm.

I.

A. Background

In 2003, and again in 2005, appellant Faith Doncheva and her husband Metodi Donchev, obtained a home equity loan ("HELOC") from Citizens Bank of Pennsylvania n/k/a Citizens Bank, N.A. ("Citizens") secured by a mortgage on their home in National Park, New Jersey.[1] The HELOCs totaled $138,400. Doncheva defaulted on the loans, and Citizens filed a foreclosure action in the New Jersey Superior Court in 2013 against Donchev, his heirs Anton and Rocitsa Donchev, and Doncheva, both individually and as personal representative of Donchev's estate. On November 24, 2014, Citizens obtained final judgment, and a sheriff's sale was scheduled for June 2015. In May 2015, Doncheva sought to prevent the sale by requesting mortgage assistance from Nations Default Services, Inc. (NDS), the servicer of the loan, and by subsequently completing a loss mitigation package. The Sheriff's sale was adjourned, and Doncheva was later informed by Udren Law Offices, P.C. (Udren)[2], a collection agency, that the debt was

---

[1] Metodi Donchev passed away in 2006. Doncheva maintains that she owned the property jointly with Donchev prior to his death, and exclusively thereafter.

[2] Udren was misspelled in the complaint and in the caption throughout this action. We use the correct spelling in this opinion.

"charged off," the file was closed, and that the sheriff's sale was cancelled. However, the property was eventually sold through a sheriff's sale to Citizen's Bank in April 2016.

A year later, on April 12, 2017, Doncheva sent correspondence to Citizens reflecting alleged oral negotiations between her and Citizens to settle both HELOCs. Citizens sent Doncheva a "Settlement Proposal" offering to settle the two HELOCs if Doncheva made a payment of $19,807.74 on the first loan and $2,064.00 on the second loan by May 25, 2017. The Settlement Proposal was memorialized in two "letter offers" which also indicated that the offers would be null and void if the terms were not met. Doncheva twice tried to comply within the timeframe, but both of her checks were invalid and were rejected by Citizens. On May 22, 2017, Udren sent a letter to Doncheva on behalf of Citizens stating that "[a]ny offers contained in the letter of April 25, 2017 from Citizens Bank are hereby revoked." Doncheva sent Citizens another check complying with the offer, which was stamped received on May 25, 2017.

Doncheva then filed an "Application for Stay of Eviction and for Enforcement of Alleged Settlement" in the foreclosure matter in the New Jersey Superior Court. The state court entered a final order concluding that the "[letter-offers] to settle made by employees of [Citizens] were issued under the mistaken belief that the loans represented thereby were not the subject of a final judgment of foreclosure entered on November 24, 2014, and a Sheriff's Deed given to [Citizens] on April 27, 2016 and recorded on May 31, 2016." The state court further ordered that "[e]nforcement of the April 25, 2017 settlement is denied with prejudice." Doncheva's motion to stay eviction was denied,

3

and Citizens took possession of the home in August 2017. A subsequent order denying Doncheva's motion to set aside the sheriff's sale and to vacate the final judgment was affirmed on appeal. See Citizens Bank of Pa. v. Donchev, No. A-2371-17T, 2018 WL 6369502 (N.J. Super. Ct. App. Div. Dec. 6, 2018).[3]

B. District Court Proceedings

On March 12, 2019, Doncheva filed a complaint in the District Court for the Eastern District of Pennsylvania on behalf of herself, the estate of her husband (of which she is the executrix), and the other heirs of the estate – her children, Anton and Rocitsa Donchev. The defendants included Citizens and "their agents or assigns including" NDS and Udren. The complaint alleged generally that the HELOCs were "discharged and charged off," rendering the debt unenforceable and the foreclosure, and subsequent repossession, illegal. Doncheva also filed a "Motion for a Permanent Injunction" seeking an order returning title and possession of her home to her and declaring the judgment of foreclosure invalid.

The District Court dismissed all of the plaintiffs without prejudice except Doncheva, on the basis that, as a non-attorney, she could not represent the estate or its

---

[3] In March 2018, Doncheva filed a complaint in the District Court for the District of New Jersey against Citizens, NDS, and Udren, alleging violations of, inter alia, the Real Estate Settlement Procedures Act (RESPA) and the Fair Debt Collection Practices Act (FDCPA) related to the collection on the HELOC loans. The District Court dismissed the action as barred by New Jersey's entire controversy doctrine because each of the claims either was or could have been raised in the state foreclosure proceedings. See Doncheva v. Citizens Bank, No. 18-cv-3294, 2018 WL 6436263, at *3-4 (D.N.J. Dec. 7, 2018). Doncheva did not appeal the District Court's decision.

4

heirs.  See Murray ex rel. Purnell v. City of Philadelphia, 901 F.3d 169, 170-71 (3d Cir.

2018).  The Court dismissed the complaint with prejudice under 28 U.S.C.

§ 1915(e)(2)(B)(ii) for failure to state a claim; it determined that the claims were barred

either by the Rooker-Feldman doctrine[4], or by the doctrines of issue or claim preclusion.

The Court also denied the motion for injunctive relief.  Doncheva filed a timely notice of

appeal.

II.

We have jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review over

the dismissal of a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  See Allah v.

Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

Doncheva first argues in her brief that as executrix of Donchev's estate, she should

be permitted to represent it and its heirs.  Her argument is foreclosed by our decision in

Murray.  As we explained, "[i]f an estate has one or more beneficiaries besides the

administrator, then the case is not the administrator's own because the interests of other

parties are directly at stake" and those interests "may not be represented by a non-

attorney administrator of an estate."  Murray, 901 F.3d at 171.  The District Court

provided the plaintiffs 30 days to secure counsel for the estate, sign the complaint and

motion, and resolve the matter of fees.  Because no action was taken by, or on behalf of,

---

[4] See D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923).

5

the other parties, the District Court properly dismissed them from the action.

Turning to the complaint, we agree with the District Court that the Rooker-Feldman doctrine bars Doncheva's suit. The doctrine precludes federal consideration of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). It is a narrow doctrine, limited to cases, such as here, where the complained-of injury stems directly from the state court's proceedings. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 167 (3d Cir. 2010). Doncheva complains of injury stemming from the home-equity foreclosure, which was effectuated by the state court's judgment. For relief, she seeks to have the District Court vacate that judgment and declare that she, and not Citizen's Bank, owns title to the home. This is precisely the type of suit that Rooker-Feldman precludes. See Vossbrinck v. Accredited Home Lenders, Inc., 773 F.3d 423, 427 (2d Cir. 2014) (holding that Rooker-Feldman barred plaintiff's suit "ask[ing] the federal court to grant him title to his property because the foreclosure judgment was obtained fraudulently"); accord Taylor v. Fed. Nat'l Mortg. Ass'n, 374 F.3d 529, 533 (7th Cir. 2004), as amended on denial of reh'g and reh'g en banc (Aug. 3, 2004).

To the extent that Doncheva is seeking to do more than just appeal the state court's judgment, her claims are barred by either res judicata, as the District Court explained, or, with respect to any claims not raised in the prior federal suit, by New

6

Jersey's entire controversy doctrine.  See In re Mullarkey, 536 F.3d 215, 229 (3d Cir. 2008) (noting the entire controversy doctrine requires a party to bring all related claims in a single action "against a particular adversary or be precluded from bringing a second action based on the omitted claims against that party").

Based on the foregoing, we will affirm the District Court's dismissal of the complaint.[5]

---

[5] Appellee Citizen Bank's motion to supplement the appendix is granted.  Appellant's motions to appoint a special master and to expedite consideration of the motion for appointment of a special master, as well her motion "To Withdraw Fraudulent Submissions, False Claims and False Defenses . . . or Face Sanctions by Rule 11 and Face Indictment," and any other requests, are denied.