NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2168
_____

BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK,
AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWALT, INC.,
ALTERNATIVE LOAN TRUST 2006-0A10 MORTGAGE PASS-THROUGH
CERTIFICATES SERIES 2006-0A10

v.

MARK MAZZA; LISA MAZZA,
Appellants

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-17-cv-05453)
District Judge:  Honorable Eduardo C. Robreno (Ret.)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 3, 2024
Before:  SHWARTZ, RESTREPO, and FREEMAN, Circuit Judges

(Opinion filed: September 12, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Mark and Lisa Mazza appeal pro se from the District Court's orders entering judgment in ejectment against them and in favor of Appellee Bank of New York Mellon (BNYM), and denying their counterclaims. For the following reasons, we will affirm the District Court's judgment.

In August 2015, BNYM obtained a foreclosure judgment against the Mazzas in the Chester County Court of Common Pleas for over $1.5 million, after they failed to make the mortgage payments on their Berwyn, Pennsylvania property. BNYM subsequently obtained a writ of execution. In June 2017, it bought the property at a sheriff's sale, and the deed was recorded. The Mazzas unsuccessfully sought to set aside the sheriff's sale in state court. See Bank of N.Y. Mellon v. Mazza, Nos. 3265 EDA 2017, 99 EDA 2018, 2018 WL 3827268 (Pa. Super. Ct. Aug. 13, 2018).

The Mazzas have refused to vacate the property. Thus, in 2017, BNYM initiated an ejectment action in the Court of Common Pleas. Prior to service, the Mazzas removed the action to the District Court. The matter was assigned to Honorable Petrese B. Tucker. The Mazzas filed an answer to the complaint which included six counterclaims. Judge Tucker granted BNYM's motion to dismiss the counterclaims, finding that they were in essence an attack on the foreclosure judgment, and therefore barred by the Rooker-Feldman doctrine.[1] After the matter was reassigned to the Honorable Eduardo C. Robreno, the Mazzas filed two amended answers which also included counterclaims. BNYM filed a motion for summary judgment pursuant to Federal Rule of Civil

---

[1] See D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413, 416 (1923).

Procedure 56, and a motion to dismiss the counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(1) & (6). On May 24, 2023, the District Court entered an order granting summary judgment to BNYM, and dismissing all counterclaims with prejudice; a separate judgment in ejectment was entered in favor of BNYM. The Mazzas appealed.

We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the district court's application of the Rooker-Feldman doctrine, see Parkview Assocs. P'ship v. City of Lebanon, 225 F.3d 321, 323-24 (3d Cir. 2000), and its grant of summary judgment, see Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995). A grant of summary judgment will be affirmed if our review reveals that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

We can quickly dispense with several of the Mazzas' challenges on appeal.[2] First, it was well within the District Court's discretion to strike their amended answers, which also included counterclaims. See Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 193 (3d Cir. 2001). The Mazzas did not properly file an amended answer within the time allotted, nor did they obtain BNYM's consent or the Court's permission to file an amended

---

[2] Appellants' motion to summarily reverse the District Court's judgment is denied. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. The motion, which was filed after their brief, does not rely on changed circumstances or a change in law. See 3d Cir. L.A.R. 27.4(b). Moreover, the motion lacks merit. Contrary to Appellants' arguments, the foreclosure judgment here was *in rem* only; it was not an *in personam* money judgment subject to revival under 42 Pa. C.S.A. § 5526(1). See 42 Pa. C.S.A. § 4303; 42 Pa. C.S.A. § 5526(1); cf. Insilvco Corp. v. Rayburn, 543 A.2d 120, 123 (Pa. Super. Ct. 1988) (recognizing the limited circumstances (not present here) where a judgment in mortgage foreclosure can be both *in rem* and *in personam*).

3

answer. See Fed. R. Civ. P. 15(a)(1) & (2). Second, the District Court did not abuse its discretion in determining that BNYM's summary judgment motion was timely filed. See ECF No. 74 at 2 n.2.

Third, there is no basis in the record to support the Mazza's claims of judicial bias. See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) (noting that mere disagreement with adverse rulings is insufficient evidence of judicial bias). There was good cause to reassign the matter from Judge Tucker, who had assumed inactive status, to Judge Robreno, who was presiding over a case which, we agree, was "related to" the ejectment action.[3] See E.D. Pa. Loc. R. 40.1(IV) & (V) (governing the assignment and reassignment of related cases). None of the Mazzas' allegations demonstrate that Judge Robreno was unable to render fair judgment or that his impartiality might be reasonably be questioned, and, therefore, recusal was not required. See Liteky v. United States, 510 U.S. 540, 555 (1994) ("opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible").

Turning to the merits of the ejectment complaint, we agree that BNYM was entitled to summary judgment. Under Pennsylvania law, which governs here, BNYM

---

[3] The "related" matter is a June 2020 complaint filed by the Mazzas against BNYM and others, alleging, inter alia, that BNYM acquired title to the Berwyn property through fraudulent means. See E.D. Pa. Civ No. 2:20-cv-03253.

4

had the burden to establish the right to immediate exclusive possession of the property. See Doman v. Brogan, 592 A.2d 104, 108 (Pa. Super. Ct. 1996). To do so, it had to demonstrate paramount title to the property. Id. The recorded sheriff's deed, attached to the motion for summary judgment, established its claim to title. See Wells Fargo Bank, N.A v. Long, 934 A.2d 76, 80 (Pa. Super. Ct. 2007). As noted by the District Court, the Mazzas wholly failed to raise any genuine issues of material fact as to BNYM's title. They did not contest BNYM's Statement of Undisputed Facts, nor did they marshal any evidence to support their affirmative defenses, relying instead on a mere memorandum of law. Accordingly, BNYM was entitled to judgment as a matter of law. See Williams v. Borough of West Chester, 891 F.2d 458, 460 (3d Cir. 1989) (noting that the nonmoving party cannot simply assert factually unsupported allegations to meet burden at summary judgment).

The Mazzas argue that they were prejudiced by the District Court's order denying their motion for discovery. We find no abuse of discretion. See Mass. Sch. of Law at Andover, Inc. v. A.B.A., 107 F.3d 1026, 1032 (3d Cir. 1997) (noting the standard of review). To succeed on appeal, the Mazzas must "show that the district court's denial of discovery 'made it impossible to obtain crucial evidence, and implicit in such a showing is proof that more diligent discovery was impossible.'" Mass. Sch. of Law, 107 F.3d at 1032 (citation omitted). The Mazzas cannot make this requisite showing.

First, we agree with the District Court that the Mazzas did not diligently pursue discovery. They claimed to have uncovered the basis for their discovery motion in

5

2018,[4] but they waited to file the motion until November 2022, a year and a half after they were served with the complaint, and a week before their summary judgment response was due.

Second, the Mazzas have not shown that they were denied the opportunity to discover evidence which would support a viable defense. They sought discovery of documents – including the original mortgage note – to demonstrate that the underlying foreclosure judgment is void. See Dime Sav. Bank, FSB v. Greene, 813 A.2d 893, 895 (Pa. Super. Ct. 2002) (recognizing that "a judgment which is void can not support an ejectment action and may be asserted as a defense in the ejectment proceeding"). They contend the mortgage assignment to FNYM was invalid or ineffective for a number of reasons, including that it was an assignment into a trust after the trust was closed. They argue, therefore, that BNYM lacked standing to enforce the note and bring the foreclosure action. But under Pennsylvania's Uniform Commercial Code (PUCC), a note secured by a mortgage is a negotiable instrument; thus, "challenges to the chain of possession by which [a foreclosing party] came to hold the [n]ote [are] immaterial to its enforceability." J.P. Morgan Chase Bank v. Murray, 63 A.3d 1258, 1266 (Pa. Super. Ct. 2013). Moreover, under Pennsylvania law, standing is a non-jurisdictional and waivable issue. See In re Condemnation by Urban Redev. Auth. of Pittsburgh, 913 A.2d 178, 181 n.6 (Pa. 2006). Thus, even assuming that the District Court had the authority to determine that the state foreclosure judgment was void as a *defense* to ejectment, the

---

[4] In their response to summary judgment, the Mazzas did not identify or present the evidence which they claim to have discovered in 2018.

6

Mazzas' challenges to the assignment and BNYM's standing could not have established it. Accordingly, they were not prejudiced by the denial of the discovery motion. See Washington v. Hovensa LLC, 652 F.3d 340, 348 n.6 (3d Cir. 2011) (noting that we will not disturb the District Court's discovery order "absent a showing of actual or substantial prejudice").

The District Court was clearly barred, however, from granting relief on the Mazzas' counterclaims. The District Court determined that they were barred by the Rooker-Feldman doctrine, which precludes federal consideration of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). On appeal, the Mazzas contend that the doctrine does not bar their claims because they seek relief for injuries caused by BNYM in fraudulently obtaining foreclosure, not for injuries caused by the state court's judgment. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 167 (3d Cir. 2010) (indicating that the doctrine does not apply "when the source of the injury is the defendant's actions (and not the state court judgments)"). But for relief, the Mazzas sought, inter alia, quiet title to the property; to that extent, they are precisely the type of claims which Rooker-Feldman precludes. See Vossbrinck v. Accredited Home Lenders, Inc., 773 F.3d 423, 427 (2d Cir. 2014) (holding that Rooker-Feldman barred plaintiff's suit "ask[ing] the federal court to grant him title to his property because the foreclosure judgment was obtained

7

fraudulently"); accord Taylor v. Fed. Nat'l Mortg. Ass'n, 374 F.3d 529, 533 (7th Cir. 2004), as amended on denial of reh'g and reh'g en banc (Aug. 3, 2004).

To the extent that the Mazzas sought damages for injuries caused by BNYM stemming from the assignment of the underlying mortgage note, their claims are barred by the doctrine of claim preclusion. See Balent v. City of Wilkes-Barre, 669 A.2d 309, 313 (Pa. 1995) (recognizing that a valid, final judgment on the merits precludes future litigation between the parties or their privies on the same cause of action, including claims that could have been litigated during the first proceeding); see also Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 887 (3d Cir. 1997) (noting that federal courts are required to give state court judgments the same preclusive effect that the issuing state courts would give them). Accordingly, the counterclaims were properly dismissed with prejudice.

Based on the foregoing, we deny the motion for summary dismissal, and will affirm the District Court's judgment.[5]

---

[5] Appellee's motion for leave to file a sur reply in opposition to summary disposition is granted. Appellants' motion for an extension of time to file a supplemental appendix, and for leave to file a supplemental appendix and expand the record is granted in part and denied in part. The motion is granted to the extent it seeks to file, in a supplemental appendix, the documents listed in Federal Rule of Appellate Procedure 30 and 3d Cir. LA.R. 30.3, that were not included in their appendix or Appellee's appendix. The motion is otherwise denied. See Acumed LLC v. Advanced Surgical Servs., Inc., 561 F.3d 199, 226 (3d Cir. 2009) (noting the "exceptional circumstances" necessary to justify supplementing the record on appeal). Appellants' motion to stay, defer, continue and/or remove this appeal from the September 3, 2024 calendar is denied.